IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FLU SHOTS OF TEXAS, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 12-cv-_____ |
| | § | |
| MICHAEL LOPEZ, CHAREESE LOPEZ, | § | |
| FLU SHOTS OF COLORADO, LLC, AND | § | **Jury Trial Demanded** |
| B 12 SHOTS OF COLORADO LLC, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

Plaintiff Flu Shots of Texas, Ltd. ("Plaintiff') files this Original Complaint and Request for Injunctive Relief and would respectfully show the Court as follows:

**I.   PARTIES**

1.  Plaintiff Flu Shots of Texas, Ltd. is a Texas limited partnership and may be served for purposes of this cause only at the offices of its counsel, Lawrence W. Bailey, Esq. Bailey & Harneck, PLLC, 13155 Noel Road, Suite 900, Dallas, Texas 75240.

2.  Upon information and belief, Defendant Mike Lopez is an individual who owns and operates a flu shot service based from the following location and who may be served with process at the address of its registered agent: 1600 Stout St. #720, Denver, Colorado 80202.

3.  Upon information and belief, Defendant Chareese Lopez is an individual who owns and operates a B12 and flu shot service based from the following location and who may be served with process at the address of its registered agent: 1600 Stout St. #720, Denver, Colorado 80202 .

4.  Upon information and belief, Defendant Flu Shots of Colorado, LLC is an entity and operates a flu shot service based from following location: 1600 Stout St. #720, Denver, Colorado 80202.

---

5. Upon information and belief, Defendant Bl2 Shots of Colorado, LLC is an entity and operates a Bl2 and flu shot service based from following location: 1600 Stout St. #720, Denver, CO 80202.

## II.   JURISDICTION AND VENUE

6. This Court has federal question jurisdiction of Plaintiff's claims for trademark infringement, unfair competition and dilution arising under the Trademark Act of 1946 (15 U.S.C. §1051) and 15 U.S.C. 1143(a) pursuant to 28 U.S.C. §§1331 and 1338 and 15 U.S.C. §§1121.

7. This Court has supplemental jurisdiction of Plaintiff's state law claims under the Texas Theft Liability Act, Texas Deceptive Trade Practices Act, and Plaintiff's common law claims of fraudulent inducement, fraud, fraudulent misrepresentation, negligent misrepresentation and breach of contract pursuant to 28 U.S.C. §1367 because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the U.S. Constitution.

8. This Court as diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the action involves citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred, or a substantial part of property that is the subject of this Original Complaint is situated, in this district.

## III.   FACTS

10. At all times relevant, Plaintiff was the owner of state and federally protected trademarks for the phrase "To Beat the Flu… We Come to You" and "Flu Shots of America" (hereinafter the "Flu Shot Marks"). Those trademarks were used in Texas and other states in the operation of a

mobile wellness-shot business. Additionally, Plaintiff used, honed and evolved a sophisticated and efficient business model, plan and strategy, which included staffing and pricing, in the mobile wellness-shot industry which Plaintiff took great lengths to protect from disclosure.

11. In or about September 2006, Defendants began to use the proprietary and trade-secret information of Plaintiff pursuant to an agreement between Plaintiff and Defendant Michael Lopez, individually. The nature of the arrangement was such that it allowed Defendants to create a mobile wellness-shot enterprise in Colorado – using Plaintiff's business acumen, proprietary trade secrets, contacts and business good will - that Plaintiff had developed in Texas.

12. The terms of the Agreement required that Defendant, Michael Lopez, and anyone acting on his behalf, including each of the remaining Defendants, would be licensed to use Plaintiff's business model, expertise and contacts, among others, in exchange for an annual consulting payment to Plaintiff's principal of $10,000 and that, further, Defendant, and anyone acting on his behalf, would keep secret Plaintiff's trademark, proprietary and trade-secret information as described above. Additionally, the Agreement restricted Defendant Michael Lopez, and anyone acting on his behalf, from unfairly competing with Plaintiff in the mobile wellness-shot business.

13. Subsequent to providing Defendants with its proprietary and trade secret information, Defendant Michael Lopez and the remaining Defendants acting in concert with him, failed to pay the consulting fee to Plaintiff's principal and used Plaintiff's proprietary and trade-secret information to setup a competing business in violation of Plaintiff's rights, and Defendants continue to refuse to cease and desist from using same. Similarly, Defendants have used Plaintiff's intellectual property, including the phrase "To Beat the Flu… We Come to You," without the written and express consent of Plaintiff.

14. Additionally, Defendant Michael Lopez incorporated Defendants Flu Shots of Colorado and B12 Shots of Colorado to cause confusion with its connection to Plaintiff's protected mark of "Flu Shots of America."  Defendant Michael Lopez, and the remaining Defendants acting in concert with him, were not given the written and express consent of Plaintiff to use such similar marks.  Defendants' wrongful use of Plaintiff's marks are likely to cause confusion, mistake or deception in the eyes of the public and have caused, and continue to cause the Plaintiff actual damages.

15.    As a result of Defendants' wrongful acts, Plaintiff has suffered actual, economic, consequential, and other damages, in excess of $75,000 (exclusive of interest and costs) and was required to retain counsel to enforce its federal and state rights.  Further, Defendants' infringement constitutes a willful and malicious and continuing violation of Plaintiff's trademark rights that it has long possessed.

### IV.    CAUSES OF ACTION

**A.    Count I (Federal Trademark Infringement under 15 U.S.C. §1114)**

16.  Plaintiff incorporates by reference and re-alleges paragraphs 1 through 15 of this Complaint as fully set forth herein.

17.  Based on the above allegations, Defendants' use of the Flu Shot Marks, among others, also constitutes an infringement on Plaintiff's '766 Registration under 15 U.S.C. § 1114.  Defendants' infringement is also likely to cause confusion, mistake and deception of the public as to the identity and origin of Plaintiff's services and goods, causing irreparable harm for which Plaintiff has no adequate remedy at law.

18.    By reason of the foregoing acts, Defendants are liable to Plaintiff for Trademark Infringement under 15 U.S.C. 1114.

**B.     Count II (Federal Unfair Competition under 15 U.S.C. §1125(a))**

19.  Plaintiff incorporates by reference and re-alleges paragraphs 1 through 18 of this Complaint as fully set forth herein.

20.  Defendants' use of Plaintiff's marks to promote, market or sell their products or services in direct competition with Plaintiff's products and services constitutes Unfair Competition pursuant to U.S.C. §1125(a).  Defendants' use of Plaintiff's marks are likely to cause confusion, mistake and deception among consumers.  Defendants' unfair competition has caused, is continuing to cause, and will cause damage to Plaintiff in the future, and is causing irreparable harm to Plaintiff for which it has no adequate remedy at law.

21.  Defendants' use of the Plaintiff's marks therefore constitute an infringement of Plaintiff's rights in its Flu Shot Marks under 15 U.S.C. §1125(a).

**C.     Count III (Dilution of Trademarks under 15 U.S.C. §1125(c))**

22.  Plaintiff incorporates by reference and re-alleges paragraphs 1 through 21 of this Complaint as fully set forth herein.

23.  Plaintiffs Flu Shot Marks have acquired strong recognition and fame in the marketplace as a result of its extensive use, advertising and publicity by Plaintiff.  Defendants' unauthorized and commercial use of Plaintiff's Flu Shot marks tends to, and does, dilute, tarnish and blur its distinctive quality and is diminishing and will destroy the public association of said trademark with Plaintiff in violation of 15 U.S.C. §1125(c).

24.  Plaintiff has no adequate remedy at law.  If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to Plaintiffs goodwill and reputation.

**D.     COUNT IV (Common Law Trademark Infringement)**

25.  Plaintiff incorporates by reference and re-alleges paragraphs 1 through 24 of this Complaint as fully set forth herein.

26.  Plaintiff has built up valuable goodwill in its Flu Shot Marks.

27.  Defendants have, with full knowledge of Plaintiffs prior trademark rights and without authorization from Plaintiff, used an identical trademark to Plaintiffs Flu Shot Mark to advertise, distribute, sell and offer to sell flu shot services, including but not limited to, onsite flu shots.

28.  Defendants' acts as alleged herein are likely to cause confusion, mistake and deception to consumers as to the affiliation, connection or association of Defendants with Plaintiff Defendants' unauthorized acts constitute direct infringement of Plaintiffs trademark rights in violation of Texas Common law.

29.  Plaintiff has suffered, is suffering and will continue to suffer irreparable injury for which Plaintiff has no adequate remedy at law.  Plaintiff is therefore entitled to a permanent injunction against further infringing conduct by Defendants.

**E.     COUNT V (Violation of Texas Theft Liability Act under Tex. Cov. Prac. & Rem. Code §134.003)**

30.  Plaintiff incorporates by reference and re-alleges paragraphs 1 through 29 of this Complaint as fully set forth herein.

31.  Plaintiff would further show that Defendants have committed acts sufficient to constitute theft under Tex. Civ. Prac. & Rem. Code §134.003.

32.  Pursuant to Tex. Civ. Prac. & Rem. Code §134.005(b), Plaintiff therefore is entitled all damages permitted by the Texas Theft Liability Act as a result of Defendants ' theft, including attorneys' fees.

**F.     COUNT VI (Common Law Fraudulent Inducement)**

33.  Plaintiff incorporates by reference and re-alleges paragraphs 1 through 32 of this Complaint as fully set forth herein.

34.  Defendants' acts constitute fraudulent inducement under Texas Common law.

35.  Defendants induced Plaintiff into signing the Agreement through a series of false, misleading and material misrepresentations, among them various assurances regarding their resources, competence and capabilities, as well as Defendants assurances to keep Plaintiff's confidential and proprietary information and trade secrets safe from disclosure to third parties.

36.  Plaintiff reasonably relied on Defendants' promises, assurances and representations.

37.  Plaintiff's reliance was detrimental because but for Defendants' false promises, assurances and representations, Plaintiff would not have entered into an Agreement and would not have shared its confidential, proprietary information and trade secrets with Defendant(s).

38.  Plaintiff has suffered exponential damages as a direct and proximate result of Defendants' fraudulent inducements.  In addition to significant actual damages, Plaintiff also seeks exemplary damages for Defendants' fraudulent conduct.

**G.     COUNT VII (Common Law Fraud and Fraudulent Misrepresentation)**

39.  Plaintiff incorporates by reference and re-alleges paragraphs 1 through 38 of this Complaint as fully set forth herein.

40.  Defendants' acts constitute fraud and fraudulent misrepresentations under Texas common law.

41.  Defendants made material representations to Plaintiff that were false. When Defendants made these representations, they either knew they were false or they made the representations recklessly and without knowledge of the truth.

42. Defendants intended that Plaintiff act and rely on their material representations. Plaintiff did, in fact, reasonably rely on Defendants' false and material representations and did so to its detriment.

43. Defendants ' wrongfully acquired money that should have gone to Plaintiff. But for Defendant(s) fraudulent representations and misrepresentations, and Defendant(s) have been unjustly enriched and Plaintiff materially damaged as a result of Defendant's conduct.

44. Plaintiff has suffered damages as a direct and proximate result of Defendants' Fraud and Fraudulent Misrepresentations. In addition to significant actual damages, Plaintiff also seeks exemplary damages for Defendants ' fraudulent conduct.

**H.    COUNT VIII (Breach of Contract)**

45. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 44 of this Complaint as fully set forth herein.

46. Defendants' acts constitute material Breach of Contract under Texas common law.

47. Plaintiff agreed to pay Defendants significant sums of money for strategic consulting and marketing services, and after lawful demand for payment has refused and continues to refuse to pay Plaintiff monies that are owed to Plaintiff pursuant to the parties' contract.

48. Defendants failed to timely and properly perform the required services. Defendants ' failure to pay sums due Plaintiff constitutes a material Breach of Contract. This breach of contract has directly caused, and continues to cause, Plaintiff to suffer actual monetary damages.

**I.    COUNT IX (Violation of Texas Deceptive Trade Practices Act under Tex. Bus & Comm. Code §17.46, et seq.)**

49. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 48 of this Complaint as fully set forth herein.

50. Plaintiff would further show that Defendants have committed acts sufficient to constitute a violation of Tex. Bus & Comm. Code §17.46, et seq.

51. Plaintiff would further show that the representations, acts, conduct, and omissions of the Defendants, as described herein and relied upon by Plaintiff to its detriment, constitute unfair methods of competition and unfair and deceptive acts or practices under the Texas Deceptive Trade Practices -Consumer Protection Act.

52. Defendants wrongfully represented that their goods or services have characteristics or benefit s they do not have in violation of Tex. Bus & Comm. Code §17.46(b)(5).

53. Defendants wrongfully advertised their goods or services with intent not to sell them as advertised in violation of Tex. Bus & Comm. Code §17.46(b)(8).

54. Defendants wrongfully represented that their agreement with conferred or involved rights, remedies, or obligations that it does not have or involve in violation of Tex. Bus & Comm. Code §17.46(b)(12).

55. Defendants failed to disclose information about goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the customer into a transaction that the consumer would not have entered into had the information been disclosed in violation of Tex. Bus. & Comm. Code §17.46(b)(24).

56. Defendants' violations of the above-referenced statutory provisions were a producing cause of damages to the Plaintiff.

57. Plaintiff also contends that Defendants' conduct constitutes an unconscionable action and course of action, all of which was done knowingly and/or intentionally. Furthermore, Defendants have taken advantage of the lack of expertise of the Plaintiff to a grossly unfair degree.

58. Because of Defendants' actions, misrepresentations, and omissions described herein were effectuated knowingly and/or intentionally, Plaintiff is entitled to all damages including statutory, treble, punitive, and exemplary damages pursuant to Tex. Bus & Comm. Code §17.506.

### J.     COUNT X (Accounting)

59. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 58 of this Complaint as fully set forth herein.

60. Plaintiff requests that Defendants account to Plaintiff and hold in constructive trust any and all sums rightfully belonging to Plaintiff as a result of their unlawful actions as alleged herein.

### V.     JURY DEMAND

61. Plaintiff hereby requests a trial by jury pursuant to Federal Rule of Civil Procedure 38.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be duly cited to appear and answer herein and that, upon final trial hereof, Plaintiff be awarded the relief sought hereinabove against Defendants including, but not limited to:

1. Preliminarily and permanently restraining and enjoining Defendants and all person in active concert and participation with Defendant from:

   a. Using in any manner Plaintiff's Flu Shot Mark, alone or in combination with any word or words which so resemble the Flu Shot Mark as to be likely to cause confusion, deception or mistake on or in connection with the advertising, offering for sale, or sale or any product not Plaintiff's, or not authorized by Plaintiff to be sold in connection with the Flu Shot Mark;

    b. Committing any acts calculated to cause purchasers to believe that Defendants products are those sold under the control or supervision of Plaintiff, or that imitates or is confusingly similar or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's products or services or their correctness to Defendants.

    c. That defendants be required to file with the Court and serve on Allied with thirty (30) days after the entry of injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

2. That Defendants be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein.

3. That Defendants be held to account to Plaintiff for any and all profits derived from and by its illegal acts complained of herein.

4. That Defendants be ordered to deliver-up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in the possession, custody or control of Defendants bearing the marks found to infringe on Plaintiff's trademark rights, as well as, all plates, molds, dies, masters and other means of making same.

5. For damages not less than $75,001, to the extent permitted by law.

6. That the Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorney's fees.

8. That the Court grant Plaintiff any other remedy to which it may be entitled as provided under applicable federal or state law; and

9. For such other and further relief as the Court deems just and proper.

       Respectfully submitted,

       **BAILEY & HARNECK, PLLC,**

       By: */s/ Lawrence W. Bailey*
        **LAWRENCE W. BAILEY**
        State Bar No. 01530490
        **KYLE W. HARNECK**
        State Bar No. 24066669

       13155 Noel Road, Suite 900
       Dallas, Texas 75240
       (o) (972) 918-5148
       (f) (866) 278-6511
       lb@baileyharneck.com
       kh@baileyharneck.com

       **ATTORNEYS FOR PLAINTIFF**
       **FLU SHOTS OF TEXAS, LTD.**