IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FLU SHOTS OF TEXAS, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. 3:13-cv-144-O |
| | § | |
| MICHAEL LOPEZ, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motion to Dismiss or Transfer Venue (ECF No.11), filed

April 26, 2013; Plaintiff's Response (ECF No. 21), filed May 20, 2013; and Defendants' Reply, filed

June 3, 2013 (ECF No. 28). Having considered the motion, the record, and the applicable law, the

Court finds that Defendants' motion should be and is hereby **DENIED**.

## I.    FACTUAL BACKGROUND

Plaintiff operates a mobile wellness-shot business and owns protected trademarks for various

phrases associated with the business. Pl.'s Compl. ¶ 10, ECF No. 1. In 2003, Defendant Michael

Lopez, while in the Dallas/Fort Worth area, met with Plaintiff and discussed expanding Plaintiff's

business to Colorado. Pl.'s App. Resp. Opp'n Defs.' Mot. Ex. 1 (Vitt Aff.), ¶ 8, ECF No. 24. The

parties subsequently entered into two agreements regarding Plaintiff's licensing of its business to

Defendants in Colorado in an effort to expand. *Id.* Ex. 1 (Vitt Aff.), ¶¶ 8, 13. The parties reached

an initial agreement in August of 2003 and formed a second agreement in September 2006, after

renegotiations. Plaintiff hired Pugh & Company in 2005 to develop a marketing and branding

campaign for Plaintiff's business, which resulted in Plaintiff acquiring the trademarks at issue in this

case. *Id.* Ex. 1 (Vitt Aff.), ¶ 10. In August of 2006, Defendants visited Plaintiff's office in Farmer's Branch, Texas, for training and other introductory matters. *Id.* Ex. 1 (Vitt Aff.), ¶ 12. The September 2006 agreement contained an arbitration clause that agreed to have matters arbitrated in Dallas County, Texas. *Id.* Ex. 1 (Vitt Aff. Ex. B. (Sept. 2006 Agreement), at 2). Further, the September 2006 agreement included Plaintiff's agreement to provide Defendants with the services of Dr. Darryl Nix, a medical director licensed to practice in Texas. *Id.* Ex. 1 (Vitt Aff. Ex. B (Sept. 2006 Agreement), at 1). After signing the September 2006 agreement, Defendants ordered supplies from the McKesson Corporation in the Dallas/Forth Worth area. *Id.* Ex. 1 (Vitt Aff.), ¶ 14. After Plaintiff informed Defendants of the lucrative nature of the vitamin B shot business, Defendants requested another training session and visited Dallas in August, 2010, to learn about adding vitamin B shot services to their business. *Id.* Ex. 1 (Vitt Aff.), ¶¶ 17, 18. Approximately eight months later, Defendants expressed to Plaintiff their desire to terminate the agreement. *Id.* Ex. 1 (Vitt Aff.), ¶ 19. After the termination of the agreement, Defendants allegedly continued to use Plaintiff's trademark on their website. *Id.* Ex. 1 (Vitt Aff.) ¶¶ 20–22.

Plaintiff filed its original Complaint in the Northern District of Texas on January 11, 2013, alleging trademark infringement and related claims. *See generally* Pl.'s Compl., ECF No. 1. Defendants filed a Motion to Dismiss or Transfer Venue on April 26, 2013. *See generally* Defs.' Mot., ECF No. 11. Plaintiff filed a response on May 20, 2013, and Defendants filed a reply on June 3, 2013. *See generally* Pl.'s Resp., ECF No. 21; Defs.' Reply, ECF No. 28. Accordingly, this motion is ripe for consideration.

## II.   LEGAL STANDARD

As the Court of Appeals for the Fifth Circuit has recognized, a plaintiff's choice of forum

is entitled to deference. *In re Volkswagon of America, Inc*., 545 F.3d 304, 315 (5th Cir. 2007).

Venue is proper in any "judicial district in which a substantial part of the events or omissions giving

rise to the claim occurred[.]" 28 U.S.C.A. § 1391(b)(2). If venue is proper in the district where the

plaintiff files the claim, then even though there are other venues where *more*, or even the *most*,

substantial activities took place, the plaintiff's chosen venue does not become improper. *Tex.

Marine & Brokerage, Inc. v. Euton*, 120 F. Supp. 2d 611, 612 (E.D. Tex. 2000). If a case is filed in

a district court with improper venue, then the district court shall dismiss the case, or in the interest

of justice, may transfer the case to a district or division that has proper venue. *See* 28 U.S.C.A.

§ 1406(a).

Even if a venue is proper, a district court may also transfer a civil action to another district

or division that has proper venue for the convenience of parties and witnesses, in the interest of

justice. 28 U.S.C.A. § 1404(a). The party moving to transfer venue bears the burden of showing

good cause as to why venue should be transferred. *In re Volkswagon*, 545 F.3d at 315. When

considering whether to grant a motion to transfer venue, courts must consider a series of public

interest and private interest factors, none of which is dispositive. *Id*. "The private interest factors

are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to

secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other

practical problems that make trial of a case easy, expeditious, and inexpensive.'" *Id*. (citing *Piper

Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). "The public interest factors are: '(1) the

administrative difficulties flowing from court congestion; (2) the local interest in having localized

interests decided at home; (3) the familiarity with the forum with the law that will govern the case;

and (4) the avoidance of unnecessary problems of conflict of laws . . . .'" *Id*. A court may transfer

3

venue when these factors show that a different venue would be more convenient for the parties involved. *In re Volkswagon*, 545 F.3d at 314. These factors are not exhaustive or exclusive, and no factor is dispositive. *Id*. When transferring venues would simply shift inconveniences, transfer is inappropriate. *First Fitness Int'l, Inc. v. Thomas*, 533 F. Supp. 2d 651, 658 (N.D. Tex. 2008).

## III. ANALYSIS

Defendants argue that Plaintiff's complaint should be dismissed because venue is improper in the Northern District of Texas, or, in the alternative, that venue should be transferred to the District of Colorado under Section 1404(a), for the convenience of parties and witnesses. *See generally* Defs.' Mot., ECF No. 11. Plaintiff responds not only that venue is proper in the Northern District of Texas, but also that transferring venue would be inappropriate because it would simply shift the inconveniences associated with trial from one party to the other. *See generally* Pl.'s Resp., ECF No. 21. The Court agrees with Plaintiff that venue in the Northern District of Texas is proper and that transfer to the District of Colorado is inappropriate.

### A.    Proper Venue

The first issue before the Court is whether venue is proper in the Northern District of Texas under 28 U.S.C.A. § 1391(b)(2), that is, whether a claim may be brought in the Northern District of Texas. The relevant test is whether a substantial part of the events giving rise to Plaintiff's claim occurred in the Northern District of Texas. *See* 28 U.S.C.A. § 1391(b)(2). The Court finds that a substantial part of the events giving rise to Plaintiff's claim occurred in the Northern District of Texas.

Plaintiff and Defendant first discussed expanding Plaintiff's business while Defendant was in the Dallas/Fort Worth area. Pl.'s App. Resp. Opp'n Defs.' Mot. Ex. 1 (Vitt Aff.), ¶ 8, ECF No.

4

24.   Defendants subsequently came to the Dallas/Fort Worth area twice to receive training and instructions regarding expanding the wellness-shot business.   *Id*. Ex. 1 (Vitt Aff.), ¶¶ 12, 19.   Dr. Nix, a Texas-licensed medical director, provided services for Defendants.   *Id*. Ex. 1 (Vitt Aff. Ex. B (Sept. 2006 Agreement), at 1).   After starting their business, Defendants ordered supplies from the Dallas area.   *Id*. Ex. 1 (Vitt Aff.), ¶ 14.   Plaintiff, who is located in the Dallas/Forth Worth area, paid for all of Defendants' supplies, which were shipped from the Dallas area, and sent invoices to Defendants from the Dallas area.   *Id*.

Defendants argue that "the district in which a substantial part of the events giving rise to a claim is that district in which 'consumers were confused by the defendant's acts.'"   Defs.' Mot. at 3 (citing *Euton*, 120 F. Supp. 2d at 612–13).   However, as Plaintiff notes, this description is merely one of a proper venue, not an exclusively proper venue.   *See* Pl.'s Resp. at 12, ECF No. 21; *Euton*, 120 F. Supp. 2d at 612–13.   In the present case, Defendants allegedly posted Plaintiff's trademark on Defendants' website that was accessible to consumers in the Northern District of Texas, leading to potential consumer confusion in this district.   *See Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 558 (N.D. Tex. 2003) (stating that consumers were confused in the Northern District of Texas when the defendant used the plaintiffs' trademark on its website, which was accessible by consumers in the Northern District of Texas).   Also, Plaintiff is doing business in the Northern District of Texas, and thus, the alleged injuries occurred here.   *Id*. (recognizing that the injuries the plaintiffs experienced as a result of the defendant's alleged trademark infringement were a "substantial event").   Accordingly, the Court finds that a substantial part of the events relating to the expansion of the business, the communication of trade secrets, and alleged trademark infringement occurred in the Northern District of Texas.

Having determined that venue is proper in the Northern District of Texas, Defendants' motion to dismiss under Section 1406(a) fails because this Section only applies when venue is improper.  *See* 28 U.S.C.A. § 1406(a).

**B.      Dismissal Under Section 1404**

The Court now turns to whether transfer of venue from the Northern District of Texas to the District of Colorado is appropriate under Section 1404(a).  Defendants argue that trial in the Northern District of Texas would result in an unjust inconvenience because of the burden on both party witnesses and non-party witnesses.  *See* Def.'s Mot. at 4–10, ECF No. 11.  They further assert that the majority of witnesses and evidence in the case is in the District of Colorado.  *Id*.  Plaintiff responds that transferring venue would simply shift any inconveniences that Defendants would encounter to Plaintiff, whose witnesses and evidence are equally important to the case.  *See* Pl.'s Resp. at 13–16, ECF No. 21.  Having considered the various private and public interest factors, the Court finds transfer of venue under Section 1404 improper.

Consideration of the various interest factors shows that transferring venue would simply shift inconveniences from Defendants to Plaintiff.  The parties' primary contention regarding transfer of venue involves the private interest factors.  Regarding sources of proof, evidence of Plaintiff's arrangement with Defendants is located in the Northern District of Texas.  Plaintiff's proprietary and training information is located in Texas, where Pugh & Company helped create and establish the intellectual property and marketing tools at issue.  Also, evidence regarding the ordering and shipping of all of Defendants' supplies is in Texas.  Further, of the many witnesses that Plaintiff expects to testify, including some of the 600 Texas clients, Plaintiff expressly mentions Jeff Vitt, Debbie Vitt, Dr. Darryl Nix, Pugh & Company, LLC, and the McKesson Company, who are all

6

located in Texas.  Defendants undoubtedly will experience some inconvenience in having the claim

filed in the Northern District of Texas;   however, transferring the case will only shift the same

inconveniences regarding evidence and witness testimony to the Plaintiff.  Plaintiff's witnesses and

evidence, which are also numerous, are equally important to the case, and Defendants have not

established that transferring venue would do anything but shift inconveniences to Plaintiff.[1]

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED** that Defendants' Motion to Dismiss or Transfer

Venue should be and is hereby **DENIED**.

**SO ORDERED** on this **5th day** of **June, 2013**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff heavily relies on the argument that the forum selection clauses in the contracts between the parties are dispositive of the venue issue. However, the arbitration agreements that contain the forum selection clauses are deliberately limited to arbitration. As a result, the forum selection clauses do not apply to the forum for litigation. While Defendants did not agree to litigation in Dallas, their consent to arbitration in Dallas shows, at the very least, that Defendants considered Dallas to be a fair and reasonable venue for arbitration at the time the contracts were executed.